UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES T. PALADINO, *Petitioner*, v. | Civ. Action No. 08-1533 (KSH) |
| BERNARD L. SIEGEL, *Respondent*. | **OPINION & ORDER** |

**Katharine S. Hayden, U.S.D.J.**

This matter comes before the Court upon a petition for a writ of habeas corpus filed by Charles T. Paladino pursuant to 28 U.S.C. § 2241. For the reasons below, the petition is dismissed.[1]

**I.**

Paladino filed the instant petition on March 26, 2008 [D.E. # 1]. In it, he claimed that his court-appointed attorney, respondent Bernard Siegel, had rendered ineffective counsel leading up to his criminal trial in the Court of Common Pleas of Philadelphia, which had been scheduled for April 30, 2008.[2] Specifically, Paladino claimed that Siegel: (1) refused adequately to confer or personally meet with him for pretrial purposes; (2) refused to obtain and provide to him pretrial discovery; (3) refused to respond to his requests to move for dismissal under Pa. R. Crim. P.

---

[1] Habeas Rule 4 requires a judge to dismiss *sua sponte* a petition for habeas corpus without ordering a responsive pleading if "[i]t it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4 (applicable to § 2241 petitions through Habeas Rule 1(b)). Such is the case here.

[2] The record does not reflect the current status of the trial or the underlying criminal charges.

1

600(G); (4) refused to meet with him to discuss defenses to the criminal charges against him; and (5) refused to file certain omnibus pretrial motions. Pet. at 2-3. The petition further asserts that Siegel's ineffective counsel resulted in an unconstitutional pretrial detention, and that Paladino is therefore entitled to immediate discharge. *Id.* at 4.

Paladino also filed three other § 2241 petitions seeking similar relief from his pretrial detention. Civ. Action No. 07-0370 (filed January 1, 2007); Civ. Action No. 07-3464 (filed August 21, 2007); and Civ. Action No. 07-4342 (filed October 17, 2007) each named as respondents various officials affiliated with Paladino's state-court prosecution. The Honorable Berle M. Schiller, U.S.D.J., was originally assigned to these three cases, as well as the instant civil action. Judge Schiller referred the three petitions filed in 2007 to Magistrate Judge L. Felipe Restrepo for Report and Recommendation ("R&R"). *See* Civ. Action No. 07-0370, D.E. # 14. Judge Restrepo issued an R&R on March 31, 2008, *id.*, D.E. # 28, recommending that the three cases be consolidated under Civil Action No. 07-0370, that the petitions be dismissed without prejudice, and that all other pending motions be denied. The R&R further recommended that a certificate of appealability ("COA") not issue. On April 22, 2008, the Court accepted and adopted the R&R in full over Paladino's objection [D.E. # 30]. It consolidated the three cases, denied all outstanding motions, dismissed the petitions without prejudice, and ordered that a COA not issue.[3] Paladino appealed this disposition, but the Third Circuit denied his request for a certificate of appealability, and denied his subsequent petition for rehearing. The Supreme Court of the United States denied Paladino's petition for a *writ of certiorari* thereafter. The instant

---

[3] By order of the Court of Appeals for the Third Circuit, the undersigned was designated and assigned to the four cases on April 13, 2009 "for such a period as is necessary for the[ir] disposition . . . ." *See* Civ. Action No. 08-1533 (D.E. # 2); Civ. Action No. 07-0370 (D.E. # 35); Civ. Action No. 07-3464 (D.E. # 12); and Civ. Action No. 07-4342 (D.E. # 11).

2

petition—which was not consolidated under Civil Action No. 07-0370 pursuant to the R&R—remains pending before this Court.

## II.

28 U.S.C § 2241 provides in relevant part that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Whether Paladino's pretrial confinement is or was in violation of federal law, and irrespective of the resolution (if any) of the underlying criminal proceeding,[4] Paladino can not obtain relief from his court-appointed attorney, the only named respondent in the petition. "In accord with the statutory language [of § 2241] and [the] immediate custodian rule, longstanding practice confirms that in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004); *see also Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus . . . act[s] upon . . . the person who holds [the detainee] in what is alleged to be unlawful custody.") (internal quotations and citations omitted); *Wales v. Whitney*, 114 U.S. 564, 574 (1885) ("[T]hese provisions contemplate a proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court

---

[4] As Judge Restrepo's R&R noted, if the underlying criminal charges were in fact tried, the § 2241 petition challenging Paladino's pretrial detention would be moot in any event. *See* R&R at 12 n.8; *see also Thorne v. Warden, Brooklyn House of Det.*, 479 F.2d 297, 299 (2d Cir. 1973) (dismissing as moot § 2241 petition challenging pretrial detention since petitioner had been convicted). Because the status of the underlying criminal proceeding is not apparent from the docket, the Court does not rely on this alternative basis for dismissal. It notes again, however, that when the R&R was issued, a trial date of April 28, 2008—over one year ago—had been set.

or judge, that he may be liberated if no sufficient reason is shown to the contrary."). *A fortiori*, respondent—an attorney without physical custody of Paladino—has no authority or ability to provide the relief sought. Dismissal is therefore proper.[5]

### III.

For the foregoing reasons, Paladino's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED**. A certificate of appealability shall not issue, and the Clerk of the Court is directed to close the case.

**SO ORDERED** this 10th day of July, 2009.

/s/ Katharine S. Hayden

Hon. Katharine S. Hayden
United States District Judge

---

[5] When a final order denying a habeas petition is issued, the District Court must also determine whether a COA should issue. In these circumstances, such a certificate should issue if and only if jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In light of the clear procedural rule of law delineated in *Padilla* and the other Supreme Court precedent cited above, no reasonable jurist could conclude that the Court's disposition is incorrect. A COA therefore will not issue.

4